

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EVERETT MCKINLEY TOY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>　　　　Respondent. | Case No. CV 11-5672-JSL (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |

I.  Factual and Procedural Background

Petitioner is a state prisoner currently incarcerated at the Centinela State Prison in Imperial, California. He filed this petition for writ of habeas corpus on July 11, 2011. Because this is Petitioner's fourth petition challenging the same underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The petition challenges a February 2002 judgment in the Los Angeles County Superior Court, entered following Petitioner's conviction of first degree burglary, grand theft auto and vehicle

theft. (Cal. Penal Code §§ 459, 487; Cal. Vehicle Code § 10851). The trial court found that Petitioner had one prior serious felony conviction and sentenced him to a total term of 14 years and 4 months imprisonment. (Cal. Penal Code §§ 667(a)); 667.5(b)-(i); 1170.12(a)-(d)).

Petitioner completed his state court direct appeals and on November 4, 2005, he filed a petition for writ of habeas corpus in this court, alleging that the trial court had abused its discretion in failing to strike the prior "strike" conviction under *People v. Superior Court (Romero)*, 13 Cal. 4th 497, 504 (1996). *Toy v. Sullivan*, Case No. CV 05-7908-JSL (MLG).[1] On October 17, 2006, this court entered an order and judgment denying the petition on the merits.

On July 27, 2009, Petitioner filed a second habeas corpus petition in this Court challenging the 2002 conviction, alleging sentencing errors based on a double jeopardy clause violation and the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007). *Toy v. Uribe*, Case No. CV 09-5442-JSL (MLG). On August 11, 2009, the Court dismissed the petition without prejudice, finding that it was a successive petition within the meaning of 28 U.S.C. § 2244.

On September 9, 2009, Petitioner filed a third habeas corpus petition challenging the 2002 conviction. In that petition, Toy again challenged the state court judgment entered in February 2002, raising the same claims concerning the illegality of his sentence as those presented in the July 2009 petition. *Toy v. Uribe*, Case No. 09-6539-JSL (MLG). On October 2, 2009, a judgment was entered dismissing the

---

[1] On February 3, 2006, Petitioner filed a first amended petition for writ of habeas corpus, dropping two claims contained in the original petition.

2

petition as a successive petition within the meaning of 28 U.S.C. § 2244.

In the present petition, Toy again challenges the 2002 conviction that was the subject of the decision on the merits in Case No. CV 05-7908-JSL (MLG) and the subsequent successive petitions. This time he raises a claim of ineffective assistance of counsel. Because it is clear that Petitioner is challenging the constitutionality of the very same judgment addressed in Case No. CV 05-7908-JSL (MLG), this petition must be dismissed as successive within the meaning of 28 U.S.C. § 2244(b)(3)(A).

## II. Discussion.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or

successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a second and/or successive petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 157.

This petition raises a new claim for relief. A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that 1) the claim rests on a new, retroactive, constitutional right, or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have reached the same factual conclusion. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements. A petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D. Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the

4

Court of Appeals rather than to this Court.").

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton*, 549 U.S. at 157; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, dismissal of the petition without prejudice is required.

**III. Order.**

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

Dated: July 22, 2011

J. Spencer Letts
United States District Judge

Presented by:

Marc L. Goldman
United States Magistrate Judge